## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT
## MIAMI, FLORIDA

**MR. MILTON JOSEPH DUENAS,** and
other similarly-situated individuals,

        **Plaintiff(s)**

vs

**ROYAL CARRIBEAN CRUISES LTD.,**
a Foreign Profit Corporation,

        **Defendant.**
_____/

## COMPLAINT

Plaintiff, MR. MILTON JOSEPH DUENAS, by and through undersigned counsel submits this Complaint against Defendant ROYAL CARIBBEAN CRUISES, LTD, pursuant to Fair Labor Standards Act, *as amended* 29 U.S.C. §216(b) (FLSA) and Family and Medical Leave Act 29 U.S.C. §2601 *et. seq.* (FMLA), and in support thereof, avers as follows:

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as all causes of action are a matter of federal law under FLSA, 29 U.S.C. §216(b) and FMLA 29 U.S.C. §2601 *et. seq.*.

2. Venue is proper in this District as all Defendants reside and/or operate in, and all unlawful acts occurred within Miami-Dade County.

### PARTIES

3. Defendant Royal Carribean Cruises LTD, (RCCL) is listed as a Liberian Corporation and registered in the State of Florida as a foreign corporation for profit.

4   RCCL is an international cruise line providing cruises all over the world and with offices and operations in Miami and other international locations.

5   Plaintiff is a resident of Miami, Florida and was during the time of the allegations giving rise to this complaint.

## GENERAL ALLEGATIONS

6   Plaintiff was employed with Defendant for approximately 21 years.  He was terminated from employment on or about January 16, 2018.

7   At the time of his termination Plaintiff, was on medical leave on account of a serious medical condition.

8   Plaintiff's last day physically at work was July 18, 2017.  From this day until the day of his termination on January 16, 2018, Plaintiff was on some form of medical leave.

9   At the time of his termination, the title of Plaintiff's position was Care Team Specialist (CTS). Plaintiff held that position for approximately 11 years.

10   Sometime in the summer of 2014, Plaintiff was instructed to undertake data entry duties. Plaintiff performed these duties until the last day physically at work, July 18, 2017.

11   The data entry duties were not part of the CTS duties.

12   As of the time of his termination, Plaintiff was working under Vice-President Jenifer Smith-Love, who became in charge of the department sometime in December 2015.

## COUNT I

### Violations of FLSA-failure to pay overtime
### 29 U.S.C. §216(b)

13   Plaintiff incorporates paragraphs 1-12 herein, and further avers:

14  From mid 2014 until his last day at work on January 18, 2017, Plaintiff worked over forty (40) hours per week.  Plaintiff was never compensated at the requisite time and one half (1.5) for the hours he worked in excess of 40 hours.

15  Based on information and belief, and at all times material hereto, Defendant had gross sales in excess of $500,000 per year.

16  Based on information and belief, and at all times material hereto, Defendant was engaged in commerce and/or in the production of goods for commerce as defined in sections 203(r) and 203(s) of the FLSA.

17  Accordingly, Defendant is subject to the overtime provisions of the FLSA.

18  The functions of a CTS were to assist passengers who had medical and other non-medical issues during the time they were on one of Defendant's cruises.  For example, CTS would assist passengers with obtaining medical care once they arrived to port.

19  The position required filling out paper work, submitting invoices, and inputting same on a database.

20  A CTS had to respond to extensive communications from passengers and vendors by telephone and email and during weekends and holidays.

21  The position of CTS required to be on-call at all hours of the day.  CTSs had to sometimes drive to medical facilities to meet with passengers at all hours of the day.

22  The position of CTS did not require medical training, medical degree, or any type of medical certification.

23  The position of CTS did not require a professional degree of any sort or a post high school degree.

24  Plaintiff did not supervise anyone while he was employed as a CTS.

25  Plaintiff worked between 77-85 hours per week between 2014 and July 18, 2017.

26  The duties of CTS do not fall into an FLSA executive, professional or administrative exemption.

27  Despite the CTS duties not being those exempted from FLSA, Defendant informed Plaintiff and others that they were exempt positions.

28  Sometime in 2014, Plaintiff was directed to assist with the data entry of invoices. He was informed this would be a temporary assignment which would last possibly 6 months. However, after well over the 6 months, Plaintiff was still fulfilling the data entry duties. He went on to fulfill these duties up until his last day of work on July 18, 2017.

29  The data entry duties involved receiving invoices from several providers (port agents, hospitals, travel insurance carriers, etc.) printing them with supporting authorizations; and coding and logging invoices in an internal system.

30  The data entry duties did not require any degree or special certification.

31  The duties of the invoice data entry also do not fall into an FLSA executive, professional or administrative exemption.

32  Sometime in 2015, during a Board of Directors presentation, the then Care Team Manager, Dr. Mark Litchfield informed Defendants that the CTSs were working overtime without the requisite payment.

33  Plaintiff and other employees also informed Defendants of the fact they were working overtime without requisite compensation.

34  The non-payment of overtime was intentional and willful, as such Plaintiff is entitled to recover double damages as liquidated damages.

35  Plaintiff has retained undersigned counsel to represent him in this FLSA action, as such Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in bringing forth this action.

WHEREFORE, Plaintiff respectfully requests that this Court order Defendant to pay due overtime, interests, liquidated damages, attorney's fees and costs, and any and all relief applicable under the law.

### COUNT II

**Violations of FMLA-Interference of Benefits**
**29 U.S.C. §2614 (a)**

36  Plaintiff incorporates paragraphs 1-12 herein, and further avers:

37  At all times material hereto, Defendant was an "employer" as defined by FMLA, continuously with fifty (50) or more employees.

38  Plaintiff is an eligible employee as defined by FMLA having worked the 12 months and having worked at least 1250 hours in the preceding 12 month period before the FMLA request for a serious medical condition.

39  While at work and under the supervision of Vice-President Smith-Love, Plaintiff was subjected to an extremely hostile and abusive work environment.

40  Plaintiff followed all of Defendant's protocols to report harassment and informed Defendant of the hostile and toxic environment. Defendant did nothing to remedy the situation. Consequently, Plaintiff became medically unfit to continue in that environment.

41  Plaintiff sought medical help and was eventually diagnosed with a serious health condition which required medical time out, medication, and therapy.

42   Defendant granted FMLA leave time beginning on or about July 19, 2017. Thereafter, he requested further time which was granted.

43   Based on information and belief, Defendant undertook a practice of terminating any employee on extended FMLA leave rather than have them return to regular or alternate position.

44   Sometime during the FMLA period and before the expiration of same, Plaintiff became aware that his position as a CST had been given to someone else.

45   Defendant did not restore Plaintiff to his position or an equivalent position; he was in fact terminated on January 16, 2018 with the pretext that he had not provided medical clearance.

46   By denying Plaintiff his right to be restored to his position or an equivalent position, Defendant denied and interfered with Plaintiff's substantive rights under the FMLA, 29 U.S.C. §§ 2615(a)(1).

47   Defendant's actions were intentional and willful.

48   As a direct and proximate result of Defendant's actions in violation of FMLA, Plaintiff sustained and continues to sustain injuries and damages in amounts subject to proof.

WHEREFORE, Plaintiff respectfully requests that this Court Order Defendant to pay damages in the form of lost compensation and benefits, interests, liquidated damages for willful violations, attorney's fees and costs, equitable relief, and any and all relief applicable under the law.

## COUNT III

**Violation of FMLA-Retaliation**
**29 U.S.C. §§ 2615(a)(1) & (2)**

49   Plaintiff incorporates paragraphs 1-12, and 35-48 and further avers:

50  Defendant retaliated by terminating his employment with the pretext that the medical documents submitted were insufficient.

51  Defendant also retaliated by denying Plaintiff further disability benefits.

52  Defendant's actions were intentional and willful.

53  As Plaintiff engaged in FMLA protected activities, any retaliatory actions taken against him are proscribed by 29 U.S.C. §§ 2615(a)(1) & (2).  The retaliatory actions are adverse employment actions which are causally connected to the protected activity.

54  As a direct and proximate result of Defendant's actions in violation of FMLA, Plaintiff sustained and continues to sustain injuries and damages in amounts subject to proof.

WHEREFORE, Plaintiff respectfully requests that this Court Order Defendant to pay damages in the form of lost compensation and benefits, interests, liquidated damages for willful violations, attorney's fees and costs, equitable relief, and any and all relief applicable under the law.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact underlying this Complaint.

**CERTIFICATION OF SOUTHERN BAR ADMISSION**

      I HEREBY certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 20901(A).

Dated: June 21, 2018

Respectfully Submitted,

s: /*Mayra L. Kadzinski*
Mayra L. Kadzinski, Esq.
FBN: 540498
**KADZINSKI LAW FIRM**
1200 N. Federal Highway
Suite 200
Boca Raton, FL 33432
Tel: 561-210-8535
Fax: 1-888-682-4158
mayra@kadzlaw.com
