UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-22519-RNS

MR. MILTON JOSEPH DUENAS, and
other similarly-situated individuals,

        Plaintiff(s),

vs

ROYAL CARIBBEAN CRUISES LTD.,
A Foreign Profit Corporation,

        Defendant.

_____/

**DEFENDANT'S ANSWER, DEFENSES,
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Royal Caribbean Cruises Ltd. ("Defendant" or "RCCL"), pursuant to Fed. R. Civ. P. 12(a), answers the numbered paragraphs of the Complaint filed by Plaintiff Milton Joseph Duenas, ("Plaintiff") and presents the following defenses:

**JURRISDICTION**

1. RCCL admits that subject matter jurisdiction is proper pursuant to 28 U.S.C. §1331, due to the existence of a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

2. RCCL admits only that it has offices and operations in Miami-Dade County. RCCL is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 2 and therefore denies them. RCCL expressly denies that any "unlawful acts" have occurred that would entitle Plaintiff to any relief.

## PARTIES

3. RCCL admits only that it is a foreign corporation organized and existing under the laws of Liberia.

4. RCCL admits only that it is a cruise line providing cruises all over the world and that it has offices and operations in Miami, Florida.

5. RCCL is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 and therefore denies those allegations.

## GENERAL ALLEGATIONS

6. RCCL admits that it employed Plaintiff for approximately 21 years and that it terminated Plaintiff's employment on or about January 24, 2018. Otherwise, denied.

7. Denied.

8. RCCL is without sufficient knowledge to admit or deny the allegation that Plaintiff's last day physically at work was July 18, 2017 and therefore denies those allegations. RCCL admits that Plaintiff was on leave pursuant to the FMLA from July 19, 2017 until October 11, 2017. RCCL also admits that it provided Plaintiff with 26-weeks of Short Term Disability leave and benefit payments from July 19, 2017 until January 16, 2018. Otherwise, denied.

9. Admitted.

10. Denied.

11. Denied.

12. RCCL admits only that Jennifer C. Love became RCCL's Senior Vice President – Safety, Security, Environment, and Medical/Public Health in December 2015. RCCL also admits that at the time of Plaintiff's termination of employment with the company, Ms. Love was Plaintiff's third-line supervisor. Otherwise, denied.

**COUNT I**
**VIOLATIONS OF FLSA – FAILURE TO PAY OVERTIME**
**29 U.S.C. § 216(b)**

13. RCCL repeats and incorporates by references its responses to Paragraphs 1-12 as if set forth in full herein.

14. RCCL admits that Plaintiff may have worked more than 40 hours in one or more workweeks between mid-2014 and January 18, 2017. RCCL denies the allegation that Plaintiff's last day of employment was January 18, 2017. Otherwise, denied. RCCL states that Plaintiff was paid properly pursuant to the FLSA, and that no action has occurred that would entitle him to any relief.

15. Admitted.

16. RCCL admits that it engaged in interstate commerce and that Plaintiff's former employment with the company was subject to coverage under the FLSA.

17. RCCL admits only that Plaintiff's former employment with the company was subject to coverage under the FLSA. Otherwise, denied.

18. RCCL admits that one of many responsibilities and duties of a Care Team Specialist includes assisting passengers who have medical and non-medical emergencies during the time they were on one of RCCL cruises. RCCL denies the remaining allegations in Paragraph 18 as vague.

19. RCCL admits that Care Team Specialists, from time to time, may prepare documents and review, approve, and submit invoices for processing. Otherwise, denied as vague.

20. RCCL admits only that Care Team Specialists communicate with passengers and vendors by telephone and email. RCCL also admits that this communication may occur on weekends and holidays. Otherwise, denied.

21. RCCL admits only that, as part of their responsibilities and duties, Care Team Specialists may need to drive to medical facilities to meet with passengers. Otherwise, denied.

22. Denied.

23. Denied.

24. Admitted.

25. Denied.

26. Denied.

27. RCCL admits only that the Care Team Specialist position is exempt from the overtime provisions of the FLSA under the executive, professional, or administrative exemption. Otherwise, denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. RCCL is without sufficient knowledge to admit or deny the allegations contained in Paragraph 35 and therefore denies those allegations.

RCCL denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 35 of Plaintiff's Complaint.

## COUNT II
## VIOLATIONS OF THE FMLA-INTERFERENCE OF BENEFITS
## 29 U.S.C. § 2614(a)

36. RCCL repeats and incorporates by references its responses to Paragraphs 1-12 as if set forth in full herein.

37. RCCL admits that it is a covered employer within the meaning of the FLSA.

38. RCCL admits that Plaintiff was an employee within the meaning of 29 U.S.C. § 2611(2)(A).

39. Denied.

40. Denied.

41. RCCL admits that Plaintiff sought evaluation from medical professionals between July 2017 and January 2018.  RCCL is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 41 and therefore denies those allegations.

42. RCCL admits that Plaintiff was on leave pursuant to the FMLA from July 19, 2017 until October 11, 2017.  RCCL also admits that it provided Plaintiff with 26-weeks of Short Term Disability leave and benefit payments from July 19, 2017 until January 16, 2018.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

5

RCCL denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 48 of Plaintiff's Complaint.

**COUNT III**
**VIOLATION OF FMLA – RETALIATION**
**29 U.S.C. §§ 2615(a)(1) & (2)**

49.　RCCL repeats and incorporates by references its responses to Paragraphs 1-12 and 35-48 as if set forth in full herein.

50.　Denied.

51.　Denied.

52.　Denied.

53.　Denied.

54.　Denied.

RCCL denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 54 of Plaintiff's Complaint.

**JURY TRIAL**

RCCL admits Plaintiff requests a jury trial.

**GENERAL DENIAL**

1.　RCCL denies each and every allegations of fact and conclusion of law contained in Plaintiff's Complaint that has not been expressly admitted in the foregoing numbered paragraphs.

**DEFENSES AND AFFIRMATIVE DEFENSES**

2.　With respect to some or all of Plaintiff's claims, the Complaint fails to state a claim upon which relief may be granted.

3.　Plaintiff has been properly compensated for all of his work.

4. Some or all of the claims are barred or limited by the applicable statute of limitations.

5. RCCL has at all times engaged in a good-faith effort to comply with applicable law, and with reasonable belief that it was so complying, and any violation by it, if any, was inadvertent and not willful or reckless, and consequently it is not liable for liquidated damages and application of a three-year statute of limitations is not warranted.

6. During all or part of his employment, Plaintiff was exempt from the overtime pay provisions of the Fair Labor Standards Act under the executive, administrative, professional, or other white collar exemption under 29 C.F.R. Part 541. Specifically, Plaintiff's primary job duty was to perform office or non-manual work directly related to management or general business operations of the employer, and his primary job duty included the exercise of discretion and independent judgment over matters of significance.

7. Plaintiff's damages are limited by the provisions of the Fair Labor Standards Act.

8. Defendant's actions were in good faith conformity with and/or reliance on administrative practice, interpretation, guidance, and/or enforcement policy.

9. Plaintiff's claims against Defendant for unpaid overtime are barred, in whole or in part, because Defendant had established a strict, well-publicized policy and/or practice prohibiting any and all forms of improper payment, including without limitation failure to pay overtime; and because Plaintiff failed or refused to invoke that policy to bring to the attention of Defendant any suggestion that he was not being paid property, or to avoid harm otherwise.

10. Any recovery by Plaintiff must be reduced, in whole or in part, because he failed or refused to take reasonable efforts to mitigate his damages.

11. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, any recovery that Plaintiff may be entitled to as a result of this action must be offset or reduced by any overpayments made by RCCL to Plaintiff, by any amounts of compensation and benefits that Plaintiff would not have otherwise received but for any overtime work, and/or by any amounts of compensation and benefits that Plaintiff received for projects not performed or performed improperly.

12. All actions taken with respect to Plaintiff's employment were taken in good faith, were taken for legitimate business reasons, and were unrelated to any protected activity.

13. Plaintiff's claims and the time for which Plaintiff seeks compensation under the FLSA are *de minimis*. Plaintiff's claims are thus barred by the *de minimis* doctrine.

14. Plaintiff was paid properly as an exempt employee based on the circumstances of his employment, in conformity with the FLSA, its regulations, and the interpretations of the U.S. Department of Labor.

15. All actions taken with regard to Plaintiff's employment were based on legitimate business reasons totally unrelated to his request for FMLA leave.

16. Plaintiff has failed to allege a factual basis for maintaining this action as a collective action on behalf of allegedly "similarly situated individuals."

17. Even if Plaintiff had alleged a factual basis for maintaining this action as a collective action, Plaintiff is not an appropriate representative of the collective group because the circumstances of his individual claims are distinct from those of any group.

18. RCCL reserves the right to assert such additional defenses as may appear applicable during the course of this litigation.

WHEREFORE Defendant, RCCL, respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award RCCL its costs and reasonable attorneys' fees incurred in this action, and award any such other and further relief as this Court deems just and proper.

Dated: July 20, 2018.

           Respectfully submitted,

           OGLETREE, DEAKINS, NASH, SMOAK
            & STEWART, P.C.
           *Counsel for Defendant*
           701 Brickell Avenue, Suite 1600
           Miami, Florida 33131
           (305) 374-0506
           (305) 374-0456 (fax)

           *s/* Gregory R. Hawran
           David M. DeMaio
           Florida Bar No. 886513
           david.demaio@ogletreedeakins.com
           Gregory R. Hawran
           Florida Bar No. 55989
           gregory.hawran@ogletreedeakins.com

           *Counsel for Defendant,*
            *Royal Caribbean Cruises Ltd.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    *s/* Gregory R. Hawran
                                    Gregory R. Hawran

**SERVICE LIST**

*Mr. Milton Joseph Duenas v. Royal Caribbean Cruises Ltd.*
*United States District Court for the Southern District of Florida*
CASE NO.: 1:18-cv-22519-RNS

Mayra Lizette Kadzinski
mlgins@yahoo.com
Kadzinski Law Firm
1200 N. Federal Highway
Suite 200
Boca Raton, FL 33432
Telephone:  561.210.8535
Facsimile:   888.682.4158

*Counsel for Plaintiff*

Method of Service:  CM/ECF

David M. DeMaio
david.demaio@ogletreedeakins.com
Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
 OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
 701 Brickell Avenue
 Suite 1600
 Miami, FL 33131-2813
 Telephone:  305.374.0506
 Facsimile:   305.374.0456

*Counsel for Defendant*

34664947.1